George **MOORE**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 45S00–8706–CR–620.

Supreme Court of Indiana.

April 18, 1989.

Diane M. McNeal, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant being convicted of Robbery, a Class B felony, for

which he received a sentence of ten (10) years, enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are: On June 19, 1986, Alyce Cieslinski, age seventy-three, was working outside her Gary, Indiana home when she was approached by two men. After a brief conversation with her, one of the men grabbed her and dragged her into her house while the other held the door. Inside the house, one of the men produced a knife and held it to the victim's neck and demanded money. A number of things were taken including $322 in cash, $28 in coins, a cameo necklace, a pistol, a watch, and a silver crucifix and chain. The men loaded these items in Mrs. Cieslinski's 1963 Ford and drove away.

Mrs. Cieslinski's neighbor, Yawanda Jenkins, observed the activities from the stoop of her home next door. She stated that the distance between her and the robbers was approximately forty feet. A few hours after the robbery, appellant and Robert Watkins were arrested in Mrs. Cieslinski's Ford. At the time of his arrest, appellant had in his possession a knife, the victim's cameo necklace, and approximately $200 in cash. That same evening the officers had Mrs. Cieslinski and Mrs. Jenkins observe a police lineup which included the two suspected robbers. At that time, both women positively identified Moore and Watkins as the robbers.

At trial, Mrs. Cieslinski was uncertain that appellant was the person who robbed her. However, Mrs. Jenkins remained steadfast in her identification of both men. Appellant claims the trial court erred in denying his motion for a severance. During the trial, Watkins indicated that he wished to enter a plea of guilty. He admitted his participation in the robbery but claimed that his partner was a person named Melvin Barnes. However, the trial judge refused to let him withdraw his plea of not guilty, stating that there was insufficient factual basis upon which to permit a plea of guilty.

■ Appellant takes the position that to refuse Watkins the opportunity to plead guilty and to refuse appellant's motion for severance placed appellant in the position of not being able to cross-examine Watkins or to call him as his own witness to elicit Watkins' exculpatory statements so far as appellant was concerned. Watkins indicated that if he were forced to continue in the trial, he would exercise his Fifth Amendment right to refuse to testify.

Appellant cites Ind.Code § 35–34–1–11 which provides that a judge shall order a separate trial when the court determines that separation is necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant.

He also cites *United States v. Martinez* (5th Cir.1973), 486 F.2d 15, wherein the Federal Court sets out the guidelines which must be followed to determine whether a separation is to be had, *United States v. Shuford* (4th Cir.1971), 454 F.2d 772 and *United States v. Echeles* (7th Cir.1965), 352 F.2d 892. The substance of the holding in these cases is that a defendant must not be deprived of exculpatory testimony of a co-defendant if separation of their trials would produce such testimony.

In *Parr v. State* (1987), Ind., 504 N.E.2d 1014, 1018 this Court had a situation very similar to the case at bar. In that case, Justice Dickson observed:

> "Parr's argument is speculative at best.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> In view of the victim's very positive identification testimony and the slight impact Gourley's self-serving testimony would have had in supporting Parr's alibi, we do not find a showing of the prejudice required to prove an abuse of trial court discretion, and therefore hold that the trial court did not err by refusing to grant Parr's motion for separate trial."

In view of the evidence above recited, it can hardly be believed that Watkins' testimony, if available, would have had much effect. Both Mrs. Cieslinski and Mrs. Jenkins positively identified appellant and Watkins at the time of their arrest. Both women had excellent opportunities to view

appellant over a period of time. Although Mrs. Cieslinski wavered in her testimony as to appellant's identity, the trial took place some six months after the robbery had occurred. Mrs. Jenkins remained steadfast in her identification of appellant at trial. These facts, coupled with the fact that appellant had a knife, the victim's necklace, and in excess of $200 in his possession, support the trial judge's position that Watkins' testimony, if available, would not have made any difference in the outcome of the case.

We see no reversible error in the trial court's denial of a separation or in his refusal to allow Watkins to enter a plea of guilty during the trial.

■ Appellant claims the trial court erred in denying his motion to suppress the out-of-court identification of him. Appellant takes the position that the lineup viewed by Mrs. Cieslinski and Mrs. Jenkins on the evening the crime was committed was improper in that the police notified both women that they had arrested two suspects and wanted the women to view a lineup. He cites *Williams v. State* (1985), Ind., 477 N.E.2d 96. In that case, this Court held that when the victim is told by the police that a suspect is in the lineup, such information puts needless pressure on the witness to make an identification. However, in *Williams*, this situation was held to not be reversible error because the witnesses had ample opportunity to identify the defendants from close observation under adequate light and over a period of time.

We would also point out that in other cases, defective lineups have been observed by the witnesses several days after the occurrence. In the case at bar, the lineup was within just a few hours of the robbery when the appearance of the robbers was fresh in the minds of the victim and the witness. We have held that it is not improper for police to return a suspect to the scene of the crime for identification when the elapsed time between the viewing and the commission of the crime is short. *See Russell v. State* (1988), Ind., 519 N.E.2d 549. Under the circumstances of this case,

we can see no reversible error in the court's refusal to suppress the out-of-court identification of appellant.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.